IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MIKHAIL SAVONA, | Civ. No. 1:17-cv-01604-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SOUTHERN OREGON UNIVERSITY; LINDA SCHOTT; CHARLES LANE; JODY WATERS; JOHN AND JANE DOES 1-50, | |
| Defendants. | |

AIKEN, District Judge.

This matter comes before the Court on Defendants' Partial Motion to Dismiss the Fourth Amended Complaint ("FAC"), ECF No. 32. This motion is appropriate for resolution without oral argument. Defendants' Motion is GRANTED in part and DENIED in part. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

## BACKGROUND

Defendant Southern Oregon University ("SOU") is an Oregon public university located in Ashland, Oregon. Defendant Dr. Linda Schott ("Schott") is the president of SOU, a position she has held since August 2016. Defendant Dr. Charles Lane ("Lane") is a professor of environmental science at SOU. Defendant Jody Waters ("Waters") is the SOU administrator responsible for providing services and accommodations to students with disabilities.

Plaintiff Mikhail Savona ("Savona") is an SOU student. Savona suffers from dyslexia, a disorder affecting his ability to interpret words, letters and other symbols, and from dyscalculia, a disorder affecting his ability to calculate numbers and perform other mathematical functions. Savona's dyslexia and dyscalculia are considered to be disabilities and entitle him to certain academic accommodations, such as additional time for test-taking, or having his exams administered orally, rather than in writing.

During the fall term of 2015, Savona enrolled in a class called "Business, Government, & Society," or BA110.[1] Savona requested testing accommodations for BA110, but the accommodations were not provided. Savona received a failing grade in BA110. Savona does not allege that he appealed his grade in BA110, or initiated any other sort of grievance procedure related to the failure to provide him with accommodations.

During the fall term of 2016, Savona enrolled in a class called "Environmental Science," or ES101, taught by Lane. Savona is required to pass ES101 in order to graduate. The course materials for ES101 include timed online quizzes and a written exam. Savona requested, but did not receive, accommodations while enrolled in ES101. Savona received a failing grade in ES101. Savona appealed his failing grade and the failure to provide accommodations through the SOU grievance procedures. An administrative hearing was held on March 6, 2017, and SOU subsequently denied Savona's grievance. This action followed.

## LEGAL STANDARD

Where a plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). In order to state a viable claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

[1] Defendants assert that Savona enrolled in BA110 in the winter term of 2015, rather than the fall term as alleged in the FAC. The Court notes the factual dispute, but for purposes of this motion, the Court will assume the truth of the allegations in the FAC. *See, e.g., Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983).

*Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). This means a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

## DISCUSSION

Savona brings claims against SOU (1) for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; (2) for violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and (3) against Schott, Lane, and Waters for violation of his due process rights pursuant to 42 U.S.C. § 1983.

Defendants move to dismiss Savona's claims insofar as they relate to BA110 because any ADA or Rehabilitation Act claims related to BA110 are barred by the applicable statute of limitations. Defendants move to dismiss Savona's claims against Lane and Schott on the basis that Savona has failed to state a claim as to those individual defendants.

### I.   Timeliness

Defendants assert that Savona's ADA and Rehabilitation Act claims are subject to the one-year statute of limitations provided in ORS 659A.875(1) and that, as a consequence,

Savona's claims are time-barred insofar as they relate to Defendants' alleged failure to provide Savona with disability accommodations while he was enrolled in BA110.

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a). Title III of the ADA, which Savona cites in the FAC, provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Such discrimination includes "a failure to make reasonable modification in polices, practices, or procedures...." 42 U.S.C. § 12182(b)(2)(A)(ii).

Neither Title III of the ADA or the Rehabilitation Act contains an express statute of limitations. Under such circumstances, federal courts must "borrow the statute of limitations applicable to the most analogous state-law claim, so long as 'it is not inconsistent with federal law or policy to do so.'" *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015) (quoting *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985)).

The Oregon analog to the ADA and the Rehabilitation Act is contained in the Oregon Rehabilitation Act, ORS 659A.103 to 659A.145. *Clink v. Or. Health and Science Univ.*, 9 F. Supp.3d 1162, 1166-68 (D. Or. 2014); *T.L. ex rel. Lowry v. Sherwood Charter Sch.*, No. 03:13-CV-01562-HZ, 2014 WL 897123, at *8 (D. Or. Mar. 6, 2014). Specifically, the most analogous Oregon statute is ORS 659A.142, which prohibits the state government from denying the benefits of its services and programs to an individual because of that person's disability. *Lowry*,

2014 WL 897123, at *8. ORS 659A.885 provides that a plaintiff may bring a civil action for unlawful discrimination and such an action is subject to the limitations periods set forth in ORS 659A.875, potentially including the one-year limitation period set in ORS 659A.875(1).

ORS 659A.875(1) is a mismatch when applied to Savona's claims, however. The statute provides that "a civil action under ORS 659A.885 *alleging an unlawful employment practice* must be commenced within one year *after the occurrence of the unlawful employment practice* unless a complaint has been timely filed under ORS 659A.820." ORS 659A.875(1) (emphasis added). On its face, ORS 659A.875(1) applies specifically to disability discrimination actions alleging unlawful employment practices and not to disability discrimination claims more generally. Savona's claims do not relate to any unlawful employment practices.

This is not an issue of first impression for courts in this District. In *T.L. ex rel. Lowry v. Sherwood Charter Sch.*, the court observed that "[w]hile an action alleging a violation of O.R.S. 659A.142 is, by virtue of being part of O.R.S. 659A.103 to O.R.S. 659A.145, a civil action under O.R.S. 659A.885, it is *not* a civil action under O.R.S. 659A.885 *alleging an unlawful employment practice*." *Lowry*, 2014 WL 897123, at *9 (emphasis in original, internal quotation marks, alterations, and citation omitted). Instead, the *Lowry* court concluded that the statute of limitations set forth in ORS 12.110(1), which governs general tort claims, was the more appropriate statute of limitations for discrimination claims brought pursuant to the ADA and the Rehabilitation Act when those claims do not involve the specific circumstances described in ORS 659A.875.[2] *Id.* at *9; *see also Ramirez v. Parker*, No. 3:13-CV-01772-AC, 2014 WL 7187463, at *12, 14 (D. Or. Dec. 16, 2014) (holding same).

---

[2] "A action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud and deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit." ORS 12.110(1).

Defendants assert that *Lowry* has been superseded by the Ninth Circuit's decision in *Sharkey v. O'Neal*, 778 F.3d 767 (9th Cir. 2015). In *Sharkey*, the Ninth Circuit rejected its own long practice of applying California's personal injury statute of limitations to ADA and Rehabilitation Act claims, finding instead that California's disability discrimination statute, Cal. Government Code § 11135, was "an almost identical state-law counterpart" to Title II of the ADA. *Sharkey*, 778 F.3d at 770-71. Accordingly, the plaintiff's claims were subject to a three-year statute of limitations for statutory claims, rather than the shorter limitations period for person injury actions. *Id.* at 773.

Courts within this District have found the holding of *Lowry* to be consistent with *Sharkey*, however. In *Updike v. Clackamas Cnty.*, Case No. 3:15-cv-00723-SI, 2015 WL 7722410 (D. Or. Nov. 30, 2015), a deaf plaintiff brought claims against the county jail for failing to provide him with disability-related accommodations while he was incarcerated. *Id.* at *2. The plaintiff sued the county pursuant to the ADA and the Rehabilitation Act and the county sought to dismiss the action based on the one-year limitations period contained in ORS 659A.875(1). *Id.* at *4-5. The *Updike* court rejected the county's argument, noting:

> Oregon's disability discrimination statute supplies a narrower statute of limitations for employment-related disability discrimination claims. Nothing in the *Sharkey* decision prohibits looking to other analogous statutes when the state's disability discrimination statute is silent. The Ninth Circuit also explicitly held that courts need not apply the same limitation period to all ADA claims. Oregon courts may apply ORS § 659A.875(1) to employment disability discrimination claims while applying different statutes, including Oregon's general personal injury statute, to other ADA claims.

*Updike*, 2015 WL 7722410, at *6 (internal citations omitted).

In another recent case, *A.F. ex rel. Feola v. Starbucks Corp.*, Case No. 3:17-cv-1582-SI, 2018 WL 1161385 (D. Or. Mar. 5, 2018), the court reached the same conclusion. In *Feola*, the

plaintiff was ejected and banned from a coffee shop for conducted related to his disability. *Id.* at *1. The defendant sought to dismiss the plaintiff's claims as untimely, arguing that they were subject to the one-year statute of limitations set forth in ORS 657A.875. The *Feola* court rejected the defendant's argument, finding that the plaintiff's claims under Title III of the ADA were most analogous to ORS 659A.142(4) and, as the claims did not relate to any unlawful employment practice, the appropriate statute of limitations was ORS 12.110(1). *Id.* at *2-3.[3]

The Court finds the reasoning of *Lowry*, *Ramirez*, *Updike*, and *Feola* persuasive. The statute of limitations set out in ORS 659A.875(1) applies specifically to disability discrimination claims in the employment context and this case does not involve any such claims.[4] The appropriate statute of limitations for Savona's claims is found in ORS 12.110(1), which provides a two year statute of limitations for "any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter."[5] Savona's claims were brought within two years and are therefore timely.

---

[3] Defendants cite to *Clink v. Or. Health and Science Univ.*, 9 F. Supp.3d 1162, 1168 (D. Or. 2014), in which Judge Simon found that the appropriate statute of limitations for the plaintiff's Rehabilitation Act claim was ORS 659A.875(1), rather than ORS 12.110(1). Unlike the present case, however, *Clink* involved allegations of discrimination in the employment context, placing the plaintiff's claims within the narrower limitations period provided by ORS 659A.875(1). *Id.* In *Feola*, Judge Simon distinguished *Clink* on that very basis, noting that *Clink* did not find that ORS 659A.875(1) applied to disability discrimination claims outside of the employment context. *A.F. ex rel. Feola v. Starbucks Corp.*, Case No. 3:17-cv-1582-SI, 2018 WL 1161385, at *2 (D. Or. Mar. 5, 2018).

[4] Defendants suggest for the first time in a footnote of their Reply that ORS 659A.875(4) or ORS 659.860(2) might supply alternative "most analogous" statutes of limitation. It is inappropriate for Defendants to advance a new legal theory in their Reply because it deprives Savona of the opportunity to respond. Furthermore, courts within this District have rejected those statutes as analogs to the ADA or Rehabilitation Act and the Court finds the reasoning put forth in those decisions persuasive. *T.L. ex rel. Lowry v. Sherwood Charter Sch.*, No. 03:13-CV-01562-HZ, 2014 WL 897123, at *8 n.1 (D. Or. Mar 6, 2014) (rejecting ORS 659.850, for which ORS 659.860 supplies the statute of limitations, as the most analogous state law claim); *Feola*, 2018 WL 1161385, at *1 (rejecting ORS 659A.874(4) as the appropriate statute of limitations).

[5] Neither party argues that ORS Chapter 12 contains a specially enumerated statute of limitations for disability discrimination, nor has the Court located any such provision. *See Feola*, 2018 WL 1161385, at *3 (finding the same).

## II. Claims Against Lane and Schott

Savona's claims against Lane and Schott are based on the Defendants' alleged failure to provide an appropriate grievance process, amounting to a denial of Savona's due process rights. The FAC, however, fails to allege any personal involvement by Lane or Schott in the SOU appeal and grievance process and the FAC's references to the Defendants acting collectively amount to nothing more than legal conclusions. Such allegations are not entitled to be presumed true on a motion to dismiss. *Iqbal*, 556 U.S. at 681. In his Response to the present motion, Savona asserts that Lane and Schott were personally involved in the allege due process violation, but he has neglected to include those allegations (or the facts supporting them) in the FAC itself.

Savona argues that the Court should infer that he complained about the lack of accommodations to Lane and Schott and that those Defendants personally participated in the "insufficient and sham appeal procedure and hearing." While it is true that the Court is permitted to draw reasonable inferences, it may only do so when the inferences are supported by well-pleaded facts. *Iqbal*, 556 U.S. at 678-79. No such facts have been included in the FAC.

Accordingly, the Court GRANTS Defendants' motion to dismiss as to Lane and Schott. As it is clear that Savona could remedy the deficiencies in the FAC by alleging additional facts, dismissal shall be with leave to amend.[6]

---

[6] The FAC does not clearly allege whether Savona intends to pursue his claims against the individual Defendants in their official or individual capacities. In his Response, Savona clarifies that he is seeking relief against Defendants in their individual capacities. Savona should incorporate that clarification into his fifth amended complaint.

## CONCLUSION

For the reasons set forth above, Defendants' Partial Motion to Dismiss, ECF No. 32, is GRANTED in part and DENIED in part. Plaintiff's claims against Defendants Linda Schott and Charles Lane are dismissed with leave to amend. Plaintiff shall have thirty (30) days from the date of this order in which to file an amended complaint.

It is so ORDERED and DATED this 29th day of March, 2018.

_____
Ann Aiken
United States District Judge